UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

McKESSON INFORMATION
SOLUTIONS, INC.,

        Plaintiff,

    v.

BRIDGE MEDICAL, INC.,

        Defendant.

NO. CIV. S-02-2669 FCD KJM

<u>MEMORANDUM AND ORDER</u>

----oo0oo----

On November 9, 2004 and April 15, 2005, Magistrate Judge
Mueller filed Findings and Recommendations ("F&R") and
Supplemental Findings and Recommendations ("Supp. F&R"),
respectively, regarding construction of United States Patent No.
4,857,716 (the "'716 Patent") covering a Patient Identification
and Verification System and Method.  Magistrate Judge Mueller
recommends that the eighteen disputed claim elements be construed
as described in "Amended Exhibit A" to the Supp. F&R.[1]

---

[1]    Said Amended Exhibit A is attached hereto.

Both parties filed objections to the F&R[2] and Supp. F&R.[3] When either party timely objects to any portion of a magistrate judge's ruling on a non-dispositive pretrial matter,[4] the district court may set aside any portion of the ruling found to be "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

Given the complexity of the patent claim at issue and Magistrate Judge Mueller's careful and thorough review of the parties' proposed constructions, both by way of written submissions and lengthy hearing, the court cannot find that

---

[2]   After consideration of the parties' objections to the F&R and the oral argument of counsel made at the February 11, 2005 hearing, the court was prepared to adopt the F&R with the exception of the construction of three claim elements.  (Mem. & Order, filed Feb. 22, 2005.)  As to those elements, the court referred the matter back to Magistrate Judge Mueller for further review of the "base station means," "means for only allowing communication," and "means for programming" elements.  The parties submitted additional briefing on the subject terms.  After consideration of that briefing, and without further hearing, Magistrate Judge Mueller filed the Supp. F&R, rendering her final decision on these elements.  (Supp. F&R, filed April 15, 2005.)  The Supp. F&R superceded those portions of the original F&R, filed November 9, 2004, with regard to the three claim elements.

[3]   Said objections and replies thereto were filed on April 29 and May 13, 2005, respectively.

[4]   The court is unaware of any circuit court authority determining whether claim construction is a dispositive or non-dispositive matter under Fed. R. Civ. P. 72.  Absent that authority, the court finds persuasive and has followed herein Tom Hayden Enterprises, Inc. v. Southern Oregon Hot Bikes, Inc., 2004 WL 1686937 (D. Or. July 27, 2004) which found that claim construction is a non-dispositive pretrial matter.  However, the court acknowledges that there is contrary district court authority finding claim construction a dispositive pretrial matter.  See e.g., ADE Corp. V. KLA-Tencor Corp., 288 F. Supp. 2d 590 (D. Del. 2003).  Accordingly, the court notes that even were it to apply a de novo standard of review, its decision would remain the same--it would adopt in full Magistrate Judge Mueller's recommended decision.  Fed. R. Civ. P. 72(b).

Magistrate Judge Mueller's construction of the '716 Patent is clearly erroneous or contrary to law.  The F&R and Supp. F&R are supported by the record and by proper analysis.  In particular, with respect to the three claim elements addressed in the Supp. F&R, the court emphasizes the following:

First, as to the "base station means" construction, Magistrate Judge Mueller supports her conclusion with reference to several federal circuit court opinions (see e.g. Summit Technology Inc. v. Nidek Co., Ltd., 363 F.3d 1219, 1224 (Fed. Cir. 2004); Caterpillar, Inc. v. Deere & Co., Inc., 224 F.3d 1374, 1379 (Fed. Cir. 2000)) and persuasively distinguishes the case of Micro Chem., Inc. v. Great Plains Chem. Co., 194 F.3d 1250 (Fed. Cir. 1999), heavily relied upon by plaintiff. Moreover, her decision to construe this element under § 112, ¶ 6 is well supported because the claim language, clearly, does not reveal sufficient structure to perform all the recited functions of the base station.  Finally, Magistrate Judge Mueller properly identifies the corresponding structure of the base station means as each structure is described with its respective function so as to fully demonstrate how the relevant structure *actually performs* the recited functions of the base station.  (Supp. F&R at 6:9-7:5.)

Second, with respect to the "means for only allowing communication" claim element, Magistrate Judge Mueller properly identified the corresponding structure as a "microprocessor with the capability of processing messages that do contain an identifier that corresponds to the base station's identifier and not processing messages that do not contain an identifier that

corresponds to the base station's identifier." (Supp. F&R at
10:9-12.)  The "means for only allowing communication" claim
element relates to the base station's capacity to detect incoming
messages transmitted by the portable terminals and to respond
only to those messages containing the base station's unique
identifier.  ('716 Patent, Col. 24:15-17.)  Magistrate Judge
Mueller describes that for the base station to perform this
function, to "ignore" transmissions from some portable terminals
and "only communicate" with portable terminals having the same
address, it requires some structure that actually performs this
function.  She correctly derives that structure from the drawings
included in the specification section of the patent (Figs. 5, 8
and 32), each of which shows the base station as including a
"microprocessor."  Braun Med. Inc. v. Abbott Labs, 124 F.3d 1419,
1424 (Fed. Cir. 1997).  Thus, a microprocessor with the above-
described specialized capabilities is the corresponding structure
of the recited function of "only allowing communication."

     Third, as to the "means for programming" claim element,
again Magistrate Judge Mueller's identification of the
corresponding structure is well supported with reference to the
claim language.  She properly finds that the patent *requires*
interconnection for transfer of the unique identifier; in other
words, a wireless embodiment is not contemplated by the patent.
"In each [of the] embodiment[s] [preferred and alternative], the
patent describes the structural features required to perform the
recited function, *including a point of insertion or mounting of
the handheld device in the base station to facilitate an
interconnection*, which the invention teaches *is necessary* for

4

downloading or transferring the base station's unique identifier into the memory of the portable handheld terminal." (Emphasis added.) (Supp. F&R at 12:2-6; see also Supp. F&R at 12 n. 10.) Further, she correctly found that the RF modem and antenna do not perform the function of "programming." Rather, the claim language consistently and exclusively associates the RF modem and antenna with the *communication* function performed by the base station means. (Supp. F&R at 12:16-13:10.)

Accordingly, the court hereby ADOPTS in full the F&R, filed November 9, 2004, as amended by the Supp. F&R, filed April 15, 2005. The eighteen disputed claim elements are construed as set forth in the attached exhibit.

IT IS SO ORDERED.

DATED: June 7, 2005.

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE