UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

McKESSON INFORMATION
SOLUTIONS, INC.,

        Plaintiff,

    v.

BRIDGE MEDICAL, INC.,

        Defendant.

NO. CIV. S-02-2669 FCD KJM

MEMORANDUM AND ORDER

----oo0oo----

On September 26, 2005, Magistrate Judge Mueller filed Findings and Recommendations ("F&R") on defendant Bridge Medical, Inc.'s ("defendant") motion for summary judgment of non-infringement,[1] recommending denial of the motion.  Defendant timely filed objections to the F&R on October 17, 2005 and plaintiff McKesson Information Solutions, Inc. ("plaintiff") replied thereto on October 31, 2005.

---

[1] By order of August 11, 2005, said motion was referred by the undersigned to the magistrate judge.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Eastern District Local Rule 72-304, this court has conducted a *de novo* review of this matter. Having carefully reviewed the entire file, the court finds the F&R to be supported by the record and by proper analysis.[2]

Accordingly, IT IS HEREBY ORDERED that:

The F&R, filed September 26, 2005, is adopted in full. Defendant's motion for summary judgment of non-infringement is DENIED.

IT IS SO ORDERED.

DATED: December 9, 2005.

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE

---

[2] The court notes that with respect to the magistrate judge's findings on defendant's motion for *non*-direct infringement, the magistrate judge was not obligated to consider every alternative bases for defendant's motion. While defendant sought a finding of partial summary judgment, the grant of such a motion is discretionary and should be done only if it will "materially expedite the adjudicative process." 10A, Wright & Miller, Fed. Prac. & Proc., § 2737 at 319. Here, the magistrate judge found that there were triable issues of fact on direct infringement based on defendant's *use* of the MedPoint System; that use-theory of direct infringement presents common disputed issues and facts with the other theories of direct infringement raised by defendant (namely, making, selling or offering to sell an infringing system). 35 U.S.C. § 271(a) (there is direct infringement of a patent only when a party "makes, uses, offers to sell or sells any patented invention"). As such, it was properly within the magistrate judge's discretion to decline to reach these other theories of infringement.

2