UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| McKESSON INFORMATION SOLUTIONS, INC., | |
| Plaintiff, | NO. CIV. S-02-2669 FCD KJM |
| v. | MEMORANDUM AND ORDER |
| BRIDGE MEDICAL, INC., | |
| Defendant. | |

----oo0oo----

This matter is before the court on defendant Bridge Medical, Inc.'s ("defendant") motion to re-tax cost bill. The Clerk filed the taxed cost bill on November 29, 2006, in the amount of $20,487.32. A minute order issued in conjunction with the cost bill outlining how it was taxed. (Docket #728.) Defendant now moves to re-tax the cost bill. (Docket #729.)

///
///
///
///

1

**A.   Costs Initially Taxed**

The court initially taxed costs as follows:

**1.   Fees for transcripts - $16,755.04**

Defendant requested $52,436.99 in costs for transcripts. However, pursuant to Local Rule 54-292(3) and 28 U.S.C. § 1920(2) costs were allowed for only *one* hard copy of a reporter's transcript. If an invoice listed the production of an "original and one copy" the amount submitted was divided in half. Appearance fees, non-appearance fees, special handling charges, charges for videotapes of the depositions, and other related video costs of the depositions were not allowed pursuant to the above rule and statute. Additionally, any transcript costs for pretrial conferences, the Markman Hearing, and the daily transcripts of the court trial were not allowed as such transcripts are considered a convenience to the parties, and costs are not customarily awarded for these transcripts.

**2.   Fees for witnesses - $502.28**

Defendant requested $3,994.29 in witness fees. The fees for witnesses were taxed pursuant to 28 U.S.C. § 1821(2)(b),(c)(2)(3) and (d)(1) and (2). Under the statute, the amounts allowable are $40.00 a day for an appearance fee at trial, a subsistence allowance of $153.00 per day, and travel costs (for out of area witnesses). The costs allowed for witness James Sheridan's trial appearance were an attendance fee and subsistence allowance. While the witness traveled from out of the area, the submitted documentation did not contain a breakdown of the costs incurred, i.e. airline, taxis, mileage, etc., and as such, his travel costs were not awarded. All costs claimed for witness Lawerence

Fagan's trial appearance were allowed.  No allowance was made for witnesses H. Vincent Poor's appearance at the Markman Hearing as his appearance was not for purposes of the trial.  No allowance was made for witnesses Vandall, Pure or Hendrickson since no appearance was actually made by these witnesses at the Markman Hearing or trial.

### 3. **Fees for copies - $3,230.00**

Defendant requested $95,930.64 in copy fees for exemplifications and copies of papers necessarily obtained for use in the case.  The court, as a normal practice, limits costs on copy fees to trial exhibits only and costs were taxed pursuant to 28 U.S.C. § 1920(1) and (4), accordingly.  To ascertain the relevant costs, the submitted documentation was reviewed for copying costs corresponding to the dates of trial.  The costs allowed were the itemized costs listed as trial exhibits.

### 4. **Other costs - $0.00**

Defendant requested $57,523.07 in "Other Costs."  No allowance was made for these costs.  The costs submitted appear to be a variety of production costs in relation to the preparation of exhibits and/or slide presentations which are not specifically allowable pursuant to statute or otherwise customarily awarded.

**B.  Costs Re-Taxed**

After review of the briefing submitted on the motion to re-tax, and considering Magistrate Judge Mueller's order of June 3, 2004, requiring the filing of certain video tutorials for the Markman Hearing, the court hereby GRANTS IN PART defendant's motion.  The court will award certain costs related to the

Markman Hearing as the hearing was an integral part of this action which assisted in streamlining the issues for purposes of the dispositive motions and trial.  E.D. Cal. L.R. 54-292(11) (permitting award of costs by the court for "other items" "in the interest of justice").  Additional costs, in the amount of $8,789.03, shall be allowed in relation to the Markman Hearing as follows:

**1.    Fees for transcripts - $2,307.05**

Costs for the transcripts of the Markman Hearing in the amount of $2,307.05 will be allowed.

**2.    Fees for witnesses - $1,898.82**

Witness fees in the amount of $1,898.82 for the appearance of H. Vincent Poor at the Markman Hearing will be allowed (covering appearance fees for 2 days, subsistence fee of $153.00 for 2 days, airfare and taxis costs).

**3.    Fees for copies - $1,940.76**

Costs for copies of the exhibits used at the Markman Hearing in the amount of $1,940.76 will be allowed.  Said amount was ascertained from the submitted documentation in the same manner as stated above for the other copying costs.  The court shall not allow costs for demonstrative exhibits relating to the Markman Hearing.  These items are usually larger versions of smaller copies of exhibits.  The submitted documentation is not itemized in such a way for the court to determine otherwise.

**4.    Other costs - $2,642.40**

Production costs and copies of the tutorial relating to the Markman Hearing in the amount of $2,642.40 will be allowed in light of Magistrate Judge Mueller's June 3, 2004 order.

4

1    Except as noted above, no further allowances are made and
2 the court AFFIRMS the previously allowed amounts.  The total
3 amended award for costs is $29,276.35.
4    The court directs the Clerk to issue an amended taxed cost
5 bill in accordance with this order.
6    IT IS SO ORDERED.
7 DATED: April 17, 2007

10   FRANK C. DAMRELL, JR.
11   UNITED STATES DISTRICT JUDGE